UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WILLIAM M. BLOTZKE,            )
                               ) No. CV-09-0230-CI
         Plaintiff,            )
                               ) ORDER DENYING PLAINTIFF'S
v.                             ) MOTION FOR SUMMARY JUDGMENT
                               ) AND DIRECTING ENTRY OF
MICHAEL J. ASTRUE, Commissioner) JUDGMENT FOR DEFENDANT
of Social Security,            )
                               )
         Defendant.            )
                               )
_____)

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney David Burdett represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**ADMINISTRATIVE PROCEEDINGS**

On April 12, 2006, William Blotzke (Plaintiff) filed an application for disability insurance benefits (DIB), alleging an onset date (amended) of January 1, 1999. (Tr. 64.) Plaintiff was eligible for DIB through December 31, 2002. (Tr. 18, 64.) He alleged disability due to post traumatic stress disorder (PTSD), hearing loss and arthritic knees. (Tr. 68.) His application was

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

denied on reconsideration June 19, 2006, well after his DIB insured status had expired. (Tr. 21-22.) Plaintiff did not appeal this decision; therefore, it became administratively final and binding. 20 C.F.R. § 404.987(a).

On September 14, 2007, Plaintiff protectively filed a second application for DIB, alleging an onset date of April 1, 2006, later amended to January 1, 1999. (Tr. 31, 33, 52.) His application was denied on September 29, 2007. (Tr. 23.) He filed a request for reconsideration on October 26, 2007, which was denied on November 20, 2007. (Tr. 28.) On November 20, 2007, Plaintiff requested a hearing before an administrative law judge (Tr. 31-32.) On March 18, 2009, Plaintiff's representative requested the 2006 claim be reopened for consideration of alleged "new and material" evidence. (Tr. 38-39, 40-44.) On April 1, 2009, ALJ R.J. Payne found no good cause existed to reopen the 2006 claim; he applied the doctrine of *res judicata* to the 2007 claim and dismissed Plaintiff's request for hearing. (Tr. 18-19.) The Appeals Council denied review, (Tr. 3-4); this appeal followed pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more

than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**ISSUE**

The question is whether the Commissioner's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in applying the doctrine of *res judicata* to deny his request for hearing. He claims the ALJ was obligated to reopen his 2006 claim due to his unrepresented status and alleged mental incompetence at the time. (Ct. Rec. 14 at 5; Ct. Rec. 17.)

**DISCUSSION**

Once a determination by the Social Security Administration becomes final, any future claims involving a claimant's rights on the same facts and issues are subject to the application of *res judicata.* 20 C.F.R. 404.957(c)(1); *Social Security Regulation* (*SSR*) 91-5p. A determination becomes final for purposes of *res judicata* when a claimant fails to request review within the time periods provided by the Regulations. *SSR* 91-5p. "The Commissioner . . . may apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

**A.   Reopening of Plaintiff's 2006 Claim**

Under the Regulations, the Social Security Administration may reopen claim within four years of the date of the notice of the initial determination if it finds good cause, as defined in 20 C.F.R. § 404.989.  20 C.F.R. §404.988.  Good cause exists if: (1) "new and material" evidence is submitted; (2) a clerical error in the computation of benefits is made; (3) or the evidence considered clearly shows that an error was made in the proceedings.  20 C.F.R. § 404.989(a).

Plaintiff claims he has submitted new and material evidence that warrants the reopening of his 2006 claim.  He also argues that the Commissioner's *Acquiescence Ruling (AR)* 90-4(4) is applicable to his claim because (1) he was unrepresented and (2) he has presented evidence of mental disability.  Defendant replies *AR* 90-4(4) does not apply in the Ninth Circuit, and the allegedly "new and material" evidence submitted is not relevant to Plaintiff's DIB insured status period.[1]  (Ct. Rec. 16 at 4-5).

**1.   Medical Evidence Presented as "New and Material"**

Plaintiff submits mental health progress notes, dated April 13, 2005 to December 13, 2005, and a May 2, 2006 Rating Decision from the Veterans Administration (VA).  (Tr. 6-15.)  The new records submitted show Plaintiff attended several mental health counseling sessions in which the VA claims process and Plaintiff's symptoms

---

[1] Under 20 C.F.R. § 404.1505, Plaintiff must establish disability between his alleged onset date, January 1, 1999, and his date of last insured, December 31, 2002.  (Tr. 18; Ct. Rec. 13 at 3.)

were discussed. The counselor noted symptoms of anxiety, alcohol abuse, PTSD, and depression; however, no formal diagnosis by an acceptable medical source is presented. The evidence also shows Plaintiff became entitled to VA unemployment benefits from April 19, 2005. (Tr. 13-15.) This evidence does not establish disability, as defined by the Social Security Act, during Plaintiff's DIB insured status period.

As found by the ALJ, a comparison of the evidence submitted and the evidence considered in reaching the 2006 determination shows new and material evidence has not been presented. (Tr. 19.) Further, as found by the ALJ, *SSR* 91-5p (Mental Incapacity and Good Cause for Missing the Deadline to Request Review) does not apply because Plaintiff did not allege or have a mental impairment at the time of the prior determination. (Tr. 18.)

In *SSR* 91-5p, the Commissioner advises that failure to meet deadlines for requesting review is not automatic grounds for dismissing an appeal. "[P]roper consideration will be given to a claimant who presents evidence that mental incapacity may have prevented him or her from understanding the review process." SSR 91-5p. Here, the 2005 progress notes submitted do not establish "mental incapacity" at the time of the prior determination. Therefore, the ALJ's finding that under 20 C.F.R. §§ 404.988, .989, and *SSR* 91-5, reopening is not warranted is reasonable and supported by substantial evidence.

    **2.   Application of *AR* 90-4(4)**

When the Social Security Administration determines a United States Court of Appeals ruling conflicts with its interpretation of

the Social Security Act, it will issue an *AR* describing the agency case and the court decision, identify the issues involved and explain how it will "apply the [court's] holding to claims at all levels of the administrative review process <u>within the applicable circuit</u>." 20 C.F.R. 404.985(a)(emphasis added). Plaintiff's claim that *AR* 90-4(4) should be applied to his case is without merit.

The Commissioner issued *AR* 90-4(4) to resolve a conflict between 20 C.F.R. § 404.988 and the Fourth Circuit's ruling that when a claimant who was not represented at the time of the prior unfavorable determination presents a *prima facie* showing that mental incompetence prevented him or her from understanding the administrative review procedures, the Commissioner cannot refuse to reopen an otherwise final determination without first refuting that showing. *See Culbertson v. Secretary of Health and Human Services*, 859 F.2d 319 (4th Cir. 1988).

Although *AR* 90-4(4) arguably expands the conditions for reopening in the Regulations, the Commissioner explicitly directs that *AR* 90-4(4) applies only in the following states in which the claimant resides: Maryland, North Carolina, South Carolina, Virginia, or West Virginia, *i.e.*, the Fourth Circuit. *AR* 90-4(4); *see also SSR* 91-5p (*AR* 90-4(4) "must be followed when adjudicating such cases arising in the Fourth Circuit."). *AR* 90-4(4) is not applicable to Social Security cases in the Eastern District of Washington. Therefore, ALJ Payne was correct in applying 20 C.F.R. § 404.988 to this case.

**B.   Administrative *Res Judicata***

The Commissioner's June 19, 2006, determination denying

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

Plaintiff's claim for DIB became final when the time to request review expired and Plaintiff did not seek review.  20 C.F.R. § 404.987.  ALJ Payne found Plaintiff's 2007 DIB claim was based on the same facts and same issues upon which the 2006 claim was based. This finding is supported by substantial evidence.  (Tr. 6-5, 21, 83-155.)  Because the ALJ's determination that conditions for reopening are not present is supported by substantial evidence and without legal error, he did not err in applying *res judicata* and dismissing the 2007 claim.  *Taylor v. Heckler*, 75 F.2d 872, 876 (9th Cir. 1985).  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

DATED August 17, 2010.


                     S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7